IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON TIMMONS, | No. 212-cv-1356-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| GARY SWARTHOUT, et al., | |
|     Respondents. | |
| _____ / | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has yet appeared in the action. Pending before the court is petitioner's motion to proceed in forma pauperis (Doc. 2) and petition for a writ of habeas corpus (Doc. 1).

      Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. The motion to proceed in forma pauperis will be granted.

/ / /

/ / /

1

1    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary
2 dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any
3 exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the
4 instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner is
5 challenging his 2010 parole denial.
6    The issue of parole denials in California has specifically been addressed by the
7 United States Supreme Court. Reversing the holding of the Ninth Circuit in Hayward v.
8 Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc). Relevant to the issues raised in petitioner's
9 petition, the Court observed:

> whatever liberty interest exists [in parole] is, of course, a *state* interest.
> There is no right under the Federal Constitution to be conditionally
> released [on parole] before the expiration of a valid sentence, and the
> States are under no duty to offer parole to their prisoners. Id. at 7. When,
> however, a State creates a liberty interest, the Due Process Clause requires
> fair procedures for its vindication – and federal courts will review the
> application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per curiam) (citing Greenholtz v.
Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> In the context of parole, we have held that the procedures required are
> minimal. In Greenholtz, we found that a prisoner subject to a parole
> statute similar to California's received adequate process when he was
> allowed an opportunity to be heard and was provided a statement of the
> reasons why parole was denied. 442 U.S. at 16. "The Constitution," we
> held, "does not require more." Ibid. Cooke and Clay received at least this
> amount of process: They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded access to their
> records in advance, and were notified as to the reasons why parole was
> denied. (citations omitted).
>     That should have been the beginning and the end of the federal
> habeas courts' inquiry into whether Cook and Clay received due
> process. . . .

Id.

/ / /

/ / /

1  The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 863 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard.  There is no other clearly established federal constitutional right in the context of parole.

Here, petitioner takes issue with the reasons supporting the Board's decision to deny him parole.  He claims he has been denied due process due to the reasons provided for deferring parole, and the impact that decision has on his sentence.  To the extent petitioner claims that the decision to deny parole was not supported by proper reasons or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole.  Although petitioner claims violations of procedural due process, he does not actually allege the denial of procedural due process protections of notice and an opportunity to be heard.  Even if he did, the petition must be denied because it is clear on the face of the petition and documents attached thereto that petitioner was provided the minimum procedural protections guaranteed by the federal constitution.  Thus, it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief.

Based on the foregoing, petitioner will be required to show cause in writing why his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

/ / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is granted; and

2. Petitioner shall show cause in writing within 30 days of the date of this order why the petition should not be summarily dismissed.

DATED: July 11, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE