1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   AARON TIMMONS,                          No. 212-cv-1356-CMK-P

12                 Petitioner,

13          vs.                              ORDER

14   GARY SWARTHOUT, et al.,

15                 Respondents.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole.  Petitioner has

19   consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has

20   yet appeared in the action.  Pending before the court is petitioner's motion to proceed in forma

21   pauperis (Doc. 2) and petition for a writ of habeas corpus (Doc. 1).

22          Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing

23   that petitioner is unable to prepay fees and costs or give security therefor.  The motion to proceed

24   in forma pauperis will be granted.

25   / / /

26   / / /

1    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

2  dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

3  exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

4  instant case, it is plain that petitioner is not entitled to federal habeas relief.  Petitioner is

5  challenging his 2010 parole denial.

6    The issue of parole denials in California has specifically been addressed by the

7  United States Supreme Court.  Reversing the holding of the Ninth Circuit in <u>Hayward v.</u>

8  <u>Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc).  Relevant to the issues raised in petitioner's

9  petition, the Court observed:

10    whatever liberty interest exists [in parole] is, of course, a *state* interest.
        There is no right under the Federal Constitution to be conditionally
11    released [on parole] before the expiration of a valid sentence, and the
        States are under no duty to offer parole to their prisoners.  <u>Id.</u> at 7.  When,
12    however, a State creates a liberty interest, the Due Process Clause requires
        fair procedures for its vindication – and federal courts will review the
13    application of those constitutionally required procedures. . . .

14  <u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per curiam) (citing <u>Greenholtz v.</u>

15  <u>Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).

16    The Court held:

17    In the context of parole, we have held that the procedures required are
        minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole
18    statute similar to California's received adequate process when he was
        allowed an opportunity to be heard and was provided a statement of the
19    reasons why parole was denied.  442 U.S. at 16.  "The Constitution," we
        held, "does not require more."  <u>Ibid.</u>  Cooke and Clay received at least this
20    amount of process: They were allowed to speak at their parole hearings
        and to contest the evidence against them, were afforded access to their
21    records in advance, and were notified as to the reasons why parole was
        denied.  (citations omitted).
22        That should have been the beginning and the end of the federal
        habeas courts' inquiry into whether Cook and Clay received due
23    process. . . .

24  <u>Id.</u>

25  / / /

26  / / /

2

1    The Court added that "[n]o opinion of ours supports converting California's

2  'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . .

3  whether California's 'some evidence' rule of judicial review (a procedure beyond what the

4  Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial

5  of due process." Id. at 863 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in

6  cases challenging the denial of parole, the only issue subject to federal habeas review is whether

7  the inmate received the procedural due process protections of notice and an opportunity to be

8  heard.  There is no other clearly established federal constitutional right in the context of parole.

9    Here, petitioner takes issue with the reasons supporting the Board's decision to

10  deny him parole.  He claims he has been denied due process due to the reasons provided for

11  deferring parole, and the impact that decision has on his sentence.  To the extent petitioner claims

12  that the decision to deny parole was not supported by proper reasons or otherwise failed to satisfy

13  substantive due process, the claim is foreclosed as a matter of law because there is no clearly

14  established federal constitutional substantive due process right in parole.  Although petitioner

15  claims violations of procedural due process, he does not actually allege the denial of procedural

16  due process protections of notice and an opportunity to be heard.  Even if he did, the petition

17  must be denied because it is clear on the face of the petition and documents attached thereto that

18  petitioner was provided the minimum procedural protections guaranteed by the federal

19  constitution.  Thus, it plainly appears from the face of the petition that petitioner is not entitled to

20  federal habeas relief.

21    Based on the foregoing, petitioner will be required to show cause in writing why

22  his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned

23  that failure to respond to this order may result in dismissal of the petition for the reasons outlined

24  above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule

25  110.

26  / / / /

3

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion to proceed in forma pauperis (Doc. 2) is granted; and

2.      Petitioner shall show cause in writing within 30 days of the date of this order why the petition should not be summarily dismissed.

DATED:  July 11, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE