IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON TIMMONS, | No. 212-cv-1356-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| GARY SWARTHOUT, et al., | |
| Respondents. | |
| _____/ | |

  Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has yet appeared in the action. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

  On July 11, 2012, the court directed petitioner to show cause in writing why this petition should not be summarily dismissed in light of the United States Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam). In his response, petitioner continues to take issue, as he does in the petition, with the reasons supporting the Board's decision to deny him parole and the length of that denial. His argument is

essentially that the Parole Board's decision to deny him parole for a term of seven years is not supported by some evidence, thus his due process rights have been violated. As set forth in the prior order, petitioner does not claim any procedural due process violations, such as denial of an opportunity to be heard or notice of the adverse decision and reasons for the decision. He argues that the summary dismissal of his petition would be fundamentally unfair. However, as the Court held in Swarthout, "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the Supreme Court was clear that only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard, and the federal courts are not to inquire beyond that. See id. There is no other clearly established federal constitutional right in the context of parole.

Because petitioner does not raise any cognizable claim in this case, it will be summarily dismissed under Rule 4 of the Federal Rules Governing Section 2254 Cases.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its

1 procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition
2 states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775,
3 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).
4 For the reasons set forth in the court's February 3, 2011, order to show cause and herein, the
5 court finds that issuance of a certificate of appealability is not warranted in this case.

6         Accordingly, IT IS HEREBY ORDERED that:

7         1.    Petitioner's petition for a writ of habeas corpus (Doc. 1) is summarily
8 dismissed;

9         2.    All pending motions are denied as moot;

10        3.    The court declines to issue a certificate of appealability; and

11        4.    The Clerk of the Court is directed to enter judgment and close this file.

13  DATED: January 23, 2013

15                                      _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE